2018 UT App 95

## THE UTAH COURT OF APPEALS

PATRICIA MUNOZ-MADRID,
Appellee,
*v.*
MARTIN ROBERTO CARLOS-MORAN,
Appellant.

Opinion
No. 20161013-CA
Filed May 24, 2018

Fourth District Court, Provo Department
The Honorable Fred D. Howard
No. 144401171

David J. Hunter, Attorney for Appellant

Mary Ann Hansen, Attorney for Appellee

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGES
DAVID N. MORTENSEN and RYAN M. HARRIS concurred.

TOOMEY, Judge:

¶1     Patricia Munoz-Madrid (Wife) and Martin Roberto
Carlos-Moran (Husband) divorced after a long marriage, and the
district court awarded alimony to Wife. Husband contends the
court abused its discretion in determining the amount of
alimony he would have to pay. Because we determine the
district court did not abuse its discretion, we affirm.

¶2     Wife petitioned for divorce in 2014, and after a bench trial
the district court entered the divorce decree in November 2016.
At trial, both parties testified to their financial situations. Wife
testified she has been employed by one employer for almost
twenty years and earns a gross monthly income of $2,005.47 and

a net monthly income of $1,627.78. She stated that her monthly expenses were $3,424.94.[1] Wife's friend (Friend) also testified and explained that, after filing the divorce petition, Wife moved in with her. Wife agreed to pay Friend $800 per month for rent, but she was only able to pay part of that, usually between $300 and $350 each month.

¶3    Husband testified that he worked at one company for almost twenty years and stated in his financial declaration that his gross monthly income was $4,281 and that his net monthly income was $3,393. His purported monthly expenses were $3,543.15.

¶4    After the bench trial, the parties filed post-trial briefs and the court entered findings of fact and conclusions of law. The court found that Husband's gross income was $4,281 per month with a net monthly income of "roughly $3,831," and his monthly expenses "were found to be between $3,300 and $3,500 per month." The court found that Wife's gross monthly income was $2,005 with a net income of $1,600 per month. It explained that Wife's expenses "were difficult to determine . . . [given] the lack of evidence to support her expenses," but it was "not persuaded" that "she doesn't have expenses." After deducting some expenses from her financial declaration, the court found Wife's expenses to be $3,200 per month. It also found that Wife was left with "a deficit of $1,600 per month" and concluded "that reasonable alimony would be $548 per month effective May 1, 2016 for a period of 12 years." Husband appeals.

¶5    Husband contends the district court abused its discretion when it awarded alimony to Wife because she "failed to provide the court with supporting documentation or to otherwise verify or prove her financial need." He argues that alimony "should

---

1. When asked about her financial declaration presented at trial, Husband's counsel stated, "[W]e can stipulate . . . that [Wife] would testify consistent with what's written."

have been denied as a matter of law," because the district court could not have found that Wife had a "need" for alimony under Utah Code section 30-3-5. We disagree.

¶6 "[District] courts have considerable discretion in determining alimony and determinations of alimony will be upheld on appeal unless a clear and prejudicial abuse of discretion is demonstrated." *Vanderzon v. Vanderzon*, 2017 UT App 150, ¶ 41, 402 P.3d 219 (quotation simplified).

¶7 The Utah Code provides that when the court determines alimony, it "shall consider," as relevant here, "(i) the financial condition and needs of the recipient spouse; (ii) the recipient's earning capacity or ability to produce income . . . ; (iii) the ability of the payor spouse to provide support; [and] (iv) the length of the marriage." Utah Code Ann. § 30-3-5(8)(a) (LexisNexis Supp. 2017). The primary purposes of alimony are "(1) to get the parties as close as possible to the same standard of living that existed during the marriage; (2) to equalize the standards of living of each party; and (3) to prevent the recipient spouse from becoming a public charge." *Rule v. Rule*, 2017 UT App 137, ¶ 14, 402 P.3d 153 (quotation simplified).

¶8 Husband challenges only the first factor of subsection 30-3-5(8)(a), and he cites *Dahl v. Dahl*, 2015 UT 79, in support of his contention that Wife failed to show she had a financial need that would support an award of alimony. But *Dahl* does not support Husband's assertion that failure to file financial documentation automatically precludes an award of alimony.

¶9 In *Dahl*, the wife sought temporary and permanent alimony, but she "repeatedly failed to provide the credible financial documentation necessary for the district court to make an adequate finding as to [her] financial need." *Id.* ¶ 84. Our supreme court determined that the wife "did not satisfy her burden of showing her financial need" because her "testimony consisted solely of her recollection of her marital expenses" and she "provided no financial declaration, no supporting financial

documentation, and no expert testimony." *Id.* ¶ 108. But the supreme court also explained that courts "may impute figures" "where there is insufficient evidence of one of the statutory alimony factors." *Id.* ¶ 116. Thus, a court can make findings related to the statutory alimony factors without supporting financial documents and can impute reasonable expenses based on circumstantial and testimonial evidence. *Cf. id.* But in *Dahl*, the court did not abuse its discretion by refusing to impute expenses for the wife, "because [she] received a sufficiently large property award to support a comfortable standard of living," and, based on the deferential standard of review, the district court "acted within its discretion in denying [the wife's] request for permanent alimony." *Id.*, ¶¶ 116–17.

¶10 Here, although Wife's expenses may have been difficult to discern because she failed to provide supporting documentation with her financial declaration, there was not a complete lack of evidence to support their existence.[2] Friend testified that Wife had a monthly expense of $800 in rent. Friend testified that Wife had never paid the full amount and instead paid between $300 and $350 each month, but she also testified that Wife paid all of

---

2. Husband was not deprived of a remedy for Wife's failure to disclose financial documents to support her request for alimony. Because Wife failed to comply with rule 26.1(c)(1) of the Utah Rules of Civil Procedure and did not provide "copies of statements verifying the amounts listed on the Financial Declaration that are reasonably available to [her]," Husband could have filed a statement of discovery issues under rule 37 and could have "request[ed] that the judge enter an order regarding any discovery issue, including . . . compelling discovery from a party who fails to make full and complete discovery." Utah R. Civ. P. 37(a)(1)(E). If Wife failed to comply with such an order, "the court, upon motion, [could have] impose[d] appropriate sanctions for the failure to follow its orders," unless "the court [found] that the failure was substantially justified." *Id.* R. 37(b).

the utilities because the children stayed with Wife at Friend's house and used more utilities than Friend would have. Friend further testified that she could no longer "subsidiz[e]" Wife's living expenses. Wife therefore provided some information, consistent with her financial declaration, that she had monthly expenses. Because the housing expenses listed in her financial declaration were corroborated by Friend's testimony, it was reasonable for the court to exclude "some stated expenses for credit cards [and] her [401(k)] contribution, but otherwise accept[] her expenses from her financial declaration in the summary in her post-trial brief."[3]

---

3. We note that *Dahl* is distinguishable on its facts. There, the wife presented a series of dramatically different financial declarations, claiming expenses from $11,000 to $40,000 per month with no supporting evidence. *Dahl v. Dahl*, 2015 UT 79, ¶ 89. Here, Wife similarly filed a series of financial declarations, but the difference in expenses were not drastically different. Indeed, her expenses varied by only $213. In addition, the *Dahl* court was asked to determine whether the district court was required to infer expenses for the wife's benefit. *See id.* ¶ 93 (explaining that the wife claimed to have "demonstrated her need for alimony during the pendency of the divorce proceedings," and, in the alternative, her husband's "financial declarations were sufficient to demonstrate her need"). The *Dahl* court determined that, in light of the large property award that helped the wife meet her marital standard of living, the district court did not abuse its discretion in declining to impute expenses to the wife or to deny an award of alimony. *Id.* ¶¶ 84, 116–17. In the present case, the record does not reflect that Wife received a substantial financial or property award that would compare to her marital standard of living. Instead, testimonial evidence showed that her income could not cover her basic living expenses—rent and utilities—and therefore the court acted within its broad discretion to refer to testimonial evidence

(continued…)

¶11 The court acted entirely within its discretion when it awarded alimony to Wife in the amount of $548 per month for twelve years based on Wife's post-trial brief, financial declaration, and the testimony at trial.[4] Accordingly, we affirm.

––––––––––

(…continued)

to impute reasonable expenses to Wife in light of the lack of financial documentation in support of her expenses. *See id.* ¶ 116.

4. Husband challenges only the district court's application of subsection (8)(a)(i), and we therefore do not address whether the district court considered all of the relevant factors in making its alimony determination. *See* Utah Code Ann. § 30-3-5(8)(a) (LexisNexis Supp. 2017).